# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SYLVESTER HATCHER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:23-cv-00201-SGC |
| DAVISON DESIGN & DEVELOPMENT, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Sylvester Hatcher initiated this lawsuit by filing a *pro se* complaint in Jefferson County Circuit Court on January 9, 2023. (Doc. 1-1 at 5-6).[2] The complaint asserts a claim for breach of contract against Davison Design & Development, Inc.[3] On February 16, 2023, Davison removed to this court on the basis of federal diversity jurisdiction. (Doc. 1). On the same day it was removed, Davison filed a motion seeking to compel arbitration and either dismiss or stay this matter. (Doc. 2). As explained below, Hatcher's claims are due to be arbitrated,

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 6).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: Doc. __ at __.

[3] The complaint incorrectly identifies the defendant as "Davison RIDC Park." (*See* Doc. 1; *see also* Doc. 1-1 at 5).

and this matter will be stayed; the remaining, pending motions are due to be denied without prejudice. (Docs. 16-22).

Hatcher, who lives in Birmingham, Alabama, invented a video recording system designed for automobiles. (Doc. 2 at 1-2). In 2015, Hatcher contracted with Davison to negotiate with potential licensees of the invention; the parties entered into at least two contracts that year, described as a "pre-development contract" and a "development contract." (Doc. 2-1 at 7-10, 12-14). Davison's principal place of business is in Pittsburgh, Pennsylvania, and both contracts include choice-of-law provisions specifying Pennsylvania law governs. (*Id.* at 7, 9, 13). Both contracts also include the same arbitration provision:

> . . . For any dispute not resolved through good faith negotiation, the parties agree that all disputes shall be resolved through arbitration before the American Arbitration Association ("AAA") in Pittsburgh, Pennsylvania using the Commercial Arbitration Rules in effect on the date that the claim is submitted to the AAA. . . .

(Doc. 2-1 at 9, 13). Hatcher sent a prototype of his video recording system to Davison to be miniaturized and sold. (*See* Doc. 1-1 at 5). Hatcher's complaint alleges Davison has taken too long to find a buyer for his invention and has thwarted his attempts to sell it independently. (Doc. 1-1 at 5).

Davison's motion seeks to enforce the arbitration provisions and asks the court to compel arbitration. (Doc. 2 at 12). Hatcher's position regarding arbitration appears to have evolved over time. Initially, Hatcher requested to

proceed with discovery and hearings in this litigation, indicating he opposed arbitration. (*See* Doc. 10 at 1; Doc. 12 at 1; Doc. 14 at 1). Later, Hatcher came around to the idea of submitting his claims to arbitration, with the caveat that the proceedings be held in Birmingham. (Doc. 16; *see* Doc. 19). More recently, Hatcher has reiterated that he no longer opposes enforcement of the arbitration provisions, although—due to injuries sustained during a recent car accident—he would prefer to participate remotely via electronic means. (Doc. 18; Doc. 20 (Hatcher's "Motion for Arbitration" seeking to arbitrate by "closed circuit T.V. in Birmingham"); Doc. 22 (same)).

Under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"), claims are subject to mandatory arbitration where: (1) a valid agreement to arbitrate exists; (2) the claims fall within the scope of that agreement: and (3) the underlying contract evidences a transaction involving interstate commerce. *See* 9 U.S.C. § 2.[4] "To resolve [the first two] questions, courts apply state-law principles relating to ordinary contract formation and interpretation, construed through the lens of the federal policy favoring arbitration." *King v. Cintas Corp.*, 920 F. Supp. 2d 1263,

---

[4] Section 2 of the FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

1267 (N.D. Ala. 2013); *see Grimm v. First Nat'l Bank of Pa.*, 578 F. Supp. 2d 785, 792 (W.D. Pa. 2008) ("An arbitration provision should be interpreted to cover the dispute unless it can be stated with 'positive assurance' that the dispute was not meant to be arbitrated.").

Here, Hatcher does not dispute the validity of the relevant contracts or their arbitration provisions. Next, Hatcher's claims fall within the scope of the expansive terms of the arbitration clauses, which cover "any" and "all disputes."[5] Finally, the underlying contracts—signed by parties located in Alabama and Pennsylvania, respectively—evidence transactions involving interstate commerce. *See Prima Paint Corp. v. Flood & Conklin Mfg., Co.*, 388 U.S. 395, 401 (1967) (consultation agreement regarding goods to be shipped across state lines constituted commerce under the FAA); *Allied-Bruce Terminx Cos. v. Dobson,* 513 U.S. 265, 277 (1995) (FAA's application to contracts "involving commerce" is broadly construed and expresses congressional intent to exercise the full extent of commerce power). Accordingly, Davison's request to compel arbitration is due to be granted.

Federal courts have jurisdiction to determine questions of arbitrability—whether the parties should be arbitrating at all. *Howsam v. Dean Witter Reynolds,*

---

[5] Indeed, it appears Hatcher now agrees his claims are subject to arbitration. (*See* Docs. 16, 18-20, 22).

4

*Inc.,* 537 U.S. 79, 83-84 (2002).  However, once a court determines arbitration is appropriate, procedural questions arising from the dispute are deferred to the arbitrator.  *Id.* at 84.  Among the procedural matters courts have left to arbitrators are questions concerning the physical location of arbitration hearings.  *See Bamberger Rosenheim, Ltd., (Israel) v. OA Dev., Inc., (United States)*, 862 F.3d 1284 (11th Cir. 2017) (venue is procedural issue for the arbitrator to decide).  Here, having concluded Hatcher's claims are subject to arbitration, the remainder of Hatcher's motions—which largely concern the venue or mode of arbitration—are due to be denied without prejudice to Hatcher's right to pursue the same relief from the arbitrator.  (Docs. 16, 18-22).[6]

Davison's motion requests this matter be dismissed or, alternatively, stayed pending arbitration; Hatcher has not indicated his preference.  The plain language of the FAA requires a court to stay a matter it determines is subject to arbitration.  *See* 9 U.S.C. § 3; *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (vacating district court's dismissal of claims subject to arbitration and remanding with instructions to stay all claims pending arbitration).  Accordingly, this action will be stayed, rather than dismissed, pending arbitration.

---

[6] The same is true to the extent Hatcher's motions include requests that the inventions he sent to Davison in Pittsburg be returned to him.  (*See* Docs. 18, 19).  Similarly, to the extent Hatcher seeks mediation in this court, that motion fails because his claims are subject to arbitration. (Doc. 21).

For all these reasons, Davison's motion to compel arbitration is **GRANTED** to the extent Hatcher's claims are ordered to be arbitrated consistent with the arbitration provisions and this matter is **STAYED** pending arbitration.  (Doc. 2). Hatcher's pending motions are **DENIED WITHOUT PREJUDICE**.  (Docs. 16, 18-22).   Accordingly, Davison's motion to strike Hatcher's motion seeking arbitration in Birmingham is **DENIED** as **MOOT**.  (Doc. 17).

The Clerk of Court is **DIRECTED** to close this file for administrative and statistical purposes. *See, e.g., Maxwell v. Dynetics, Inc.*, No. 18-1191-CLS, 2018 WL 11488598, at *1-2 (N.D. Ala. Oct. 31, 2018) (closing file administratively after entering stay but advising parties of their right to request reinstatement).  This administrative closure shall have no effect on the court's retention of jurisdiction, and the file may be reopened, on either party's motion, for an appropriate purpose, such as dismissal following settlement, entry of judgment, vacatur, or modification of an arbitrator's award.  *See* 9 U.S.C. § 9; *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 201-02 (2000).

The parties are **ORDERED** to file a notice with the court upon settlement of the case or the conclusion of arbitration, whichever event occurs first.

**DONE** this 7th day of June, 2023.

_____
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE

6